IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02542-BNB

JOSEPH BRADSHAW,

    Plaintiff,

v.

BOP DIRECTOR LAPPIN,
ADX WARDEN WILEY,
DR. LEYBA,
DR. NAFZIGER,
UNKNOWN UTILIZATION COMMITTEE MEMBERS,
DR. ROBIN H. AMIRKHAN,
UNKNOWN HEALTH SERVICE DIVISION STAFF, and
P. A. OSAGIE,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 2 3 2008

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Joseph Bradshaw, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum. He has filed *pro se* a civil rights complaint for injunctive relief and money damages pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006).

The Court must construe the complaint liberally because Mr. Bradshaw is representing himself. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the

*pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Bradshaw will be ordered to file an amended complaint.

The Court has reviewed Mr. Bradshaw's complaint and finds that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Bradshaw has filed a seventy-two page complaint asserting two claims concerning his medical condition and treatment. The complaint is verbose and fails to

set forth a short and plain statement of Mr. Bradshaw's claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2).

Mr. Bradshaw has failed to summarize each claim succinctly. It is Mr. Bradshaw's responsibility to edit and organize his claims and supporting allegations into a manageable format. Mr. Bradshaw must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. To state a claim in federal court, Mr. Bradshaw's amended complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Bradshaw also must assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Bradshaw must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Bradshaw may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Bradshaw uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Simply naming "Unknown Utilization Committee Members" or "Unknown Health Service Division Staff" as a defendant is insufficient. Any additional information Mr. Nelson can provide about these defendants deputies also would be helpful for purposes of service. Accordingly, it is

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and D.C.COLO.LCivR 10.1C. and that Mr. Bradshaw should be given an opportunity to file an amended complaint. He will be directed to do so below. Accordingly, it is

ORDERED that Mr. Bradshaw file **within thirty (30) days from the date of this order** an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Bradshaw, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Bradshaw fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED December 23, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02542-BNB

Joseph Bradshaw
Prisoner No. 20980-038
US Penitentiary MAX
P.O. Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of this **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 12/23/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk