IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   08-cv-02542-PAB-KLM

JOSEPH BRADSHAW,

     Plaintiff,

v.

BOP DIRECTOR LAPPIN,
ADX WARDEN WILEY,
DR. LEYBA,
DR. NAFZIGER,
2-13-06 JANE/JOHN DOE UTILIZATION COMMITTEE MEMBERS,
DR. ROBIN H. AMIRKHAN,
4-16-07 JANE/JOHN DOE UTILIZATION COMMITTEE MEMBERS, and
PA OSAGIE,

     Defendant(s).

_____

## ORDER ON MOTION TO STAY DISCOVERY
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on a **Motion to Stay Discovery** [Docket No. 47;

Filed June 13, 2009] (the "Motion") filed by Defendants Amirkhan, Lappin, Osagie and

Wiley ("BOP Defendants").[1]   The Court has reviewed the Motion, Plaintiff's Opposition to

Defendants' Motion to Stay Discovery [Docket No. 56; Filed June 25, 2009], the entire case

file and applicable case law and is sufficiently advised in the premises.   The Motion is

**GRANTED**, as set forth below.

BOP Defendants request that the above-captioned case be stayed until resolution

of their pending Motion to Dismiss [Docket No. 39; Filed May 8, 2009].   *Motion* [#47] at 4.

---

[1] Defendants Lyba and Nafziger has not been served and are not represented by the United States Attorney's Office, counsel for the BOP Defendants.   Therefore, the case against those two Defendants is not affected by this Order.

As grounds, BOP Defendants argue that they have raised the defense of qualified immunity in their Motion to Dismiss, and that all discovery should be stayed until the Court makes a legal determination on Defendants' entitlement to qualified immunity.  *Id.* at 2.      T h e Supreme Court has emphasized the broad protection that absolute and qualified immunity afford, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).  As such, courts should resolve the purely legal question raised by an immunity defense at the earliest possible stage in litigation.  *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995); *Medina v. Cram*, 252 F.3d 1124, 1127-28 (10th Cir. 2001).  In addition, although a stay of discovery is generally disfavored in this district, the Court has broad discretion to stay an action while a Motion to Dismiss is pending pursuant to Fed. R. Civ. P. 26 (c).  *See, e.g., String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision).  Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

In weighing the factors set forth for determining the propriety of a stay, the Court

finds that a stay is appropriate here. *See String Cheese,* 2006 WL 894955, at *2. The

Court must first balance Plaintiff's desire to proceed expeditiously with his case against the

burden on Defendants of going forward. *Id.* There can be no doubt that Plaintiff has an

interest in proceeding expeditiously, but this interest is offset by Defendants' burden. Here,

BOP Defendants have filed a Motion to Dismiss the claims against them, in part, on the

grounds of qualified immunity. Courts have routinely held that discovery should be stayed

while issues of immunity are being resolved. *See generally Siegert v. Gilley*, 500 U.S. 226,

231 (1991); *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982); *Weise v. Caspar,* 507 F.3d

1260, 1263-64 (10th Cir. 2007); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992);

*see also Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can

be particularly disruptive when a dispositive motion regarding immunity is pending). On

balance, the Court finds the potential harm to Plaintiff of a stay is outweighed by the burden

on BOP Defendants resulting from conducting and responding to discovery while the

Motion to Dismiss is pending. The Court also notes that the remaining *String Cheese*

factors, i.e., the Court's efficiency, and interests of non-parties and the public in general,

do not outweigh the burden on Defendants here given their pending immunity defense.

*See String Cheese*, 2006 WL 894955, at *2.

Based on the foregoing, I find that BOP Defendants should not be subjected to suit

until the qualified immunity issues are resolved. Accordingly, I find that a stay of the

proceedings against these Defendants in this case is appropriate. *See Pet Milk Co. v.*

*Ritter,* 323 F.3d 586, 587 (10th Cir.1963) ("the district court has the inherent power to stay

proceedings pending before it and to control its docket for the purpose of 'economy of time

and effort for itself, for counsel, and for litigants' ") (quoting *Landis v. North American Co.,*

299 U.S. 248, 254 (1936)). Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.  All proceedings in the

case against Defendants Amirkhan, Lappin, Osagie and Wiley are **STAYED** pending a

ruling on BOP Defendants' Motion to Dismiss [Docket No. 39].


Dated: August 13, 2009

                                        BY THE COURT:

                                         s/ Kristen L.  Mix
                                        Kristen L.  Mix
                                        United States Magistrate Judge