IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-02542-PAB-KLM

JOSEPH BRADSHAW,

      Plaintiff,

v.

BOP DIRECTOR LAPPIN,
ADX WARDEN WILEY,
DR. LEYBA,
DR. NAFZIGER,
2-13-06 JANE/JOHN DOE UTILIZATION COMMITTEE MEMBERS,
DR. ROBIN H. AMIRKHAN,
4-16-07 JANE/JOHN DOE UTILIZATION COMMITTEE MEMBERS, and
PA OSAGIE,

      Defendant(s).

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants Wiley and Lappin's Motion to Dismiss** [Docket No. 39; Filed May 18, 2009] (the "Motion").[1]  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.L.Civ.R. 72.1.C., the Motion has been referred to this Court. The Court has reviewed the Motion, Plaintiff's Response in opposition to the Motion [Docket No. 44; Filed June 8, 2009], the entire case file and applicable case law and is sufficiently advised in the premises.  For the reasons set forth below, I RECOMMEND that the Motion be **GRANTED**.

_____

[1] Defendants Leyba and Nafziger have not yet been served.  Service of process on them is due September 14, 2009. [Docket No. 69].  Defendants Amirkhan and Osagie have filed answers to the Amended Complaint [Docket No. 33 & 38].

1

## I.  Background

Plaintiff is an inmate in the custody of the Bureau of Prisons ("BOP") at the United States Penitentiary, Administrative Maximum ("ADX") in Florence, Colorado.  *Amended Complaint* [#2] at 2.  Plaintiff brings this action seeking monetary and injunctive relief pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) against BOP Director Lappin, ADX Warden Wiley, Dr. Leyba and Dr. Nafziger, former medical doctors at ADX,  Dr. Amirkhan, PA Osagie, John Doe, Director of BOP's Health Services, and John and Jane Does, members of the Utilization Committee at ADX. *Amended Complaint* [#10] at 1-2. The complaint alleges that Defendants were deliberately indifferent to Plaintiff's medical needs.  *Id.* at 4.  Plaintiff asserts two claims for relief, one involving his heart attack and heart disease and the other  regarding his hepatitis B and C and his liver disease.  *Id.* at 5, 8.  Plaintiff alleges that Defendants have "intentionally and maliciously failed to provide a doctor's ordered cardiologist  evaluation" and "failed to provide a doctor's ordered liver biopsy, and hepatitis genotype test." *Id.* at 4. Plaintiff asserts that Defendants' conduct violated the Eighth Amendment.  *Id.*

As to the specific allegations against Defendants Wiley and Lappin, Plaintiff asserts that Defendant Wiley became "personally involved" when he denied Plaintiff's BP-9, his administrative remedy appeal requesting a consult by a cardiologist and a liver biopsy.  *Id.* at 6, 10.  Plaintiff alleges the Defendant Wiley was required to train, supervise, control and direct Defendant Dr. Leyba and members of the Utilization Review Committee.  *Id.* at 6, 10.[2]  Regarding Defendant Lappin, Plaintiff alleges that he is "directly involved and

---

[2] The Utilization Review Committee consists of BOP employees who make determinations regarding the timing and prioritization of an inmate's medical needs.

responsible for" his subordinates' failure to provide Plaintiff with proper medical care. *Id.* at 6-7, 10. Plaintiff also alleges that Defendant Lappin issued a directive in 2005 to BOP employees stating that they must cut costs, including medical care for inmates, due to budget cuts and the war on terror. *Id.* at 7, 11.

Plaintiff seeks a permanent injunction directing Defendants to provide Plaintiff with an evaluation by a board certified cardiologist, to perform a hepatitis genotype blood test and a liver biopsy, provide antiviral therapy, and require that his biopsy results be evaluated regularly. *Id.* at 13. Plaintiff also seeks compensatory damages against Defendants Wiley and Lappin in their individual capacities. *Id.* at 14. Defendants move to dismiss Plaintiff's claims pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Defendants contend that the Court lacks personal jurisdiction over Defendant Lappin, that Defendants Wiley and Lappin are entitled to qualified immunity, that Plaintiff has failed to state a valid Eighth Amendment claim, and that Plaintiff's damages and injunctive claims against Defendants Wiley and Lappin are barred by sovereign immunity. *Motion* [#39].

## II. Standard of Review

Because federal courts are courts of limited jurisdiction, the Court must have a statutory basis for exercising jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has subject-matter jurisdiction to properly hear the case before it. Dismissal of a federal claim for lack of subject-matter jurisdiction "is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens*

*for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)).  A motion to dismiss pursuant to Rule 12(b)(1) may take two forms:  a facial attack or a factual attack.  When reviewing a facial attack on a complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the complaint as true.  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

The purpose of a motion to dismiss pursuant to Rule 12(b)(2) is to test whether the Court has personal jurisdiction over the named parties.  Plaintiff bears the burden of establishing personal jurisdiction over all of the Defendants.  *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984).  If the presence or absence of personal jurisdiction can be established by reference to the complaint, the Court need not look further.  The Court will accept the well-pled allegations (namely the plausible, nonconclusory, and nonspeculative facts) of the complaint as true to determine whether Plaintiff has made a *prima facie* showing that personal jurisdiction exists.  *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007).  "A claim has facial plausibility when the plaintiff

4

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009).   Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).   However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).   "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility' of entitlement to relief." *Ashcroft*, 129 S. Ct. at 1949 (citation omitted).

Finally, the Court must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   For example, the Court may treat a *pro se* litigant's complaint as an affidavit if it alleges facts based on personal knowledge and has been sworn under penalty of perjury.

5

*Hall*, 935 F.2d at 1111 (citing *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139 n.1 (10th Cir. 1985) (citation omitted)).  However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  Analysis

#### A.  Official Capacity Claims

Plaintiff filed suit against Defendants in both their individual and official capacities. *Amended Complaint* [#10] at 4.  Defendants assert that they are immune from liability in their official capacities. *Motion* [#39] at 11-13.  Plaintiff seeks monetary damages against the named Defendants, who are officers and agents of the United States. *Amended Complaint* [#10] at 15.

Although *Bivens* creates "an implied private action for damages" against federal officers, *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001), "[t]here is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity." *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001); *see also Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1247 (10th Cir. 1989) (holding that the doctrine of sovereign immunity bars *Bivens* claims against federal officials in their official capacities).  "Instead, any action that charges such an official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States." *Farmer*, 275 F.3d at 963 (citation omitted).  Further, such a suit for damages against the United

6

States is barred by sovereign immunity unless immunity has been waived. *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985)) (citation omitted).  Therefore, because the doctrine of sovereign immunity bars *Bivens* actions brought directly against the United States, the Court lacks subject-matter jurisdiction to hear official-capacity *Bivens* claims for damages.  *See Tippett v. United States*, 108 F.3d 1194, 1196 (10th Cir. 1997) (noting that when "the United States retains its sovereign immunity . . . the district court lacks subject matter jurisdiction to hear the suit"); *Farmer*, 275 F.3d at 962 (noting that an "'official capacity *Bivens* suit' would be an oxymoron").  Accordingly, Plaintiff's *Bivens* claims for monetary damages against Defendants in their official capacities are barred by sovereign immunity, and the Court therefore lacks subject-matter jurisdiction to hear these claims.  *See id.*

Unlike claims for money damages against federal officials in their official capacities, the doctrine of sovereign immunity does not bar Plaintiff's claims against Defendants for injunctive relief from alleged constitutional violations.  *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1233 (10th Cir. 2005) (holding that sovereign immunity does not bar an action against federal prison officials for injunctive relief from alleged constitutional violations).  However, in order to establish his entitlement to this form of relief, Plaintiff's Amended Complaint must include sufficient factual allegations to state a claim for an Eighth Amendment violation.  *Abu-Fakher v. Bode*, 175 Fed. Appx. 179, 181 (10th Cir. Mar. 16, 2006) (unpublished decision).  As set forth below, the Court finds that Plaintiff's Amended Complaint does not adequately state a claim for an Eighth Amendment violation. Therefore, because I find that Plaintiff's Eighth Amendment claim must ultimately be dismissed, Plaintiff's claim for injunctive relief must also necessarily be dismissed.  *See*

7

*Blevins v. Reid*, 2008 WL 2428941, at *11 (D. Colo. June 12, 2008) (unpublished decision).

**B.    Personal Jurisdiction Over Defendant Lappin**

Defendants argue that the claims against Defendant Lappin should be dismissed for lack of personal jurisdiction.  Defendant Lappin does not reside or work in the State of Colorado.  According to the complaint, Defendant Lappin is the Director of the Bureau of Prisons ("BOP") and resides in Washington, D.C.  *Complaint* [#10] at 2.  Plaintiff bears the burden of establishing that the Court has personal jurisdiction over Defendant Lappin. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).  As a court of limited jurisdiction, this Court may only exercise jurisdiction over nonresident defendants if:  (1) the long-arm statute of Colorado permits personal jurisdiction in this case; and (2) the exercise of personal jurisdiction in Colorado comports with the Due Process Clause of the United States Constitution.  *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005).  The Supreme Court of Colorado interprets Colorado's long-arm statute "to confer the maximum jurisdiction permitted by the due process clauses of the United States and Colorado constitutions."  *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005).  Therefore, a due process analysis of jurisdiction in this case will also satisfy Colorado's long-arm statute.

Due process first requires that Plaintiff demonstrate that Defendant Lappin has "minimum contacts" with the forum state.  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Although Plaintiff contends that Defendant Lappin bears responsibility to ensure that his employees provide BOP inmates with proper medical care, such "attempts to make out a case for personal jurisdiction over [this defendant] by arguing that [he] authorized or

implemented [actions] knowing that the effects of these [actions] would be felt by him in Colorado" are insufficient to establish minimum contacts. *Hale v. Ashcroft*, No. 06-cv-00541-REB-KLM, 2007 WL 2350150, at *3 (D. Colo. Aug. 15, 2007) (unpublished decision); *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1534 (10th Cir. 1996) (noting that "the mere foreseeability of causing injury in another state 'is not a "sufficient benchmark' for exercising personal jurisdiction" (citations omitted)).

Further, "the actions on which plaintiff relies in support of his allegations of personal jurisdiction all clearly were taken by [defendant in his capacity] as [a] federal official[] .... Such actions do not suffice to establish minimum contacts for purposes of an individual capacity suit against a federal employee." *Hale*, 2007 WL 2350150, at *3; *see also Trujillo v. Williams*, 465 F.3d 1210, 1218 n.9 (10th Cir. 2006) (holding that the complaint must contain allegations that "defendants acting in their *personal* capacities have contacts with the State"); *Hill v. Pugh*, 75 Fed. Appx. 715, 719 (10th Cir. Sept. 11, 2003) (unpublished decision) ("It is not reasonable to suggest that federal prison officials may be hauled into court simply because they have regional and national responsibilities over facilities within a forum state."). Accordingly, Plaintiff's claims against Defendant Lappin must be dismissed for lack of personal jurisdiction.[3]

## C.    Qualified Immunity

Defendants Wiley and Lappin assert that they are entitled to qualified immunity to

---

[3] Plaintiff requests that instead of dismissing his claim against Defendant Lappin, the Court transfer the case to a proper judicial district. *See* 28 U.S.C. § 1406(a) (in the interests of justice, court can transfer case to any district court in which the case could have been brought). Because the Court finds that Plaintiff has failed to state a valid claim, transfer to another district is not appropriate.

suit on Plaintiff's claims.  Government officials are entitled to qualified immunity from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person in their position would have known.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity also offers protection from trial and other burdens of litigation. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

The Court's analysis of qualified immunity in the context of a 12(b)(6) motion is a two step process.  The threshold inquiry is whether the facts taken in the light most favorable to the plaintiff sufficiently allege a constitutional violation.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.* However, "if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Id.*[4]

The question of whether the constitutional right was clearly established must be asked in "the context of the particular case before the court, not as a general, abstract matter." *Simkins v. Bruce*, 406 F.3d 1239, 1241 (10th Cir. 2005).  That is, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer [in the defendant's position] that his conduct was unlawful in the situation he confronted."  *Saucier*, 533 U.S. at 202; *see also Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).  In order for a constitutional right to be clearly established, there

---

[4] The Supreme Court recently held that courts are not required to follow the *Saucier* sequence in evaluating a qualified immunity claim. *See Pearson v. Callahan*, ___ U.S. ___,129 S.Ct. 808, 812 (2009).

must be a Supreme Court or Tenth Circuit decision on point, or the clear weight of authority from other circuits must establish the constitutional right.  *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992).  In other words, there must be caselaw in which a constitutional violation was found based upon similar conduct.  *See Callahan v. Millard County*, 494 F.3d 891, 903 (10th Cir.  2007).

**D.  Eighth Amendment Claim**

The Eighth Amendment prohibits cruel and unusual punishment.  U.S. Const. amend VIII.  To this end, prison officials have a duty to "provide humane conditions of confinement."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  As such, the Eighth Amendment requires that "prison officials . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and [that they] must 'take reasonable measures to guarantee the safety of the inmates.'"  *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).  The Court's analysis of Plaintiffs' Eighth Amendment claim involves both an objective and subjective component.  *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).

As to the objective component, the Court considers whether Plaintiff has been deprived of a sufficiently serious basic human need, i.e., an extreme deprivation.  "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities . . . are sufficiently grave to form the basis of an Eighth Amendment violation.'"  *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (citations omitted).   "[A] medical need is considered 'sufficiently serious' if the condition 'has been diagnosed by a physician as mandating treatment . . . or is so obvious that even a lay person would easily recommend the necessity for a doctor's attention.'"  *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir.

2001) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 2001)).

As to the subjective component, the Court considers whether Defendants intended the deprivation, i.e., acted with deliberate indifference to the harm that could result. *See id.* The subjective element can only be proved by showing that Defendants "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety" or acted with a sufficiently culpable state of mind. *See Farmer*, 511 U.S. at 837; *Hudson*, 503 U.S. at 8.

An inmate's difference of opinion concerning the medical treatment that he receives or does not receive does not generally support a claim for cruel and unusual punishment. *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). A "prisoner's right is to medical care–not to the type or scope of medical care which he personally desires." *Henderson v. Sec'y of Corr.*, 518 F.2d 694, 695 (10th Cir. 1975) (citation omitted). Plaintiff asserts that Defendants did not satisfactorily perform their duties given their failure to provide him with certain medical tests. "[S]uch a difference of opinion amounts to a medical malpractice claim . . . [which] cannot be the basis for a federal [*Bivens*] action. . . . [A] medical malpractice claim does not become a constitutional violation simply because the plaintiff is a prisoner." *Pearson v. Simmons*, No. Civ.A. 95-3006-GTV, 1998 WL 154552, at *2 (D. Kan. Mar. 17, 1998) (unpublished decision) (citations omitted) (noting that inmate's allegation that defendants were deliberately indifferent to his medical injury based upon a disagreement about the level of care he received for that injury did not state an Eighth Amendment claim). "The question of whether a certain form of treatment should be prescribed 'is a classic example of a matter for medical judgment.'" *Tivis v. Beecroft*, No. 06-cv-02025-WYD-CBS, 2007 WL 2786434, at *10 (D. Colo. Sept. 24, 2007) (unpublished decision) (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)).

12

"Because vicarious liability is inapplicable to ... §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S.Ct. at 1948. Personal participation is an essential allegation in a civil rights action. *See Bennet v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Graham*, 473 U.S. at 166. An affirmative link must exist between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Moreover, a defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Instead, supervisory liability requires either personal direction or actual knowledge of and acquiescence in the alleged constitutional violation. *See Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992); *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). Furthermore, general, conclusory allegations, without supporting factual averments, are insufficient to state a claim for deliberate indifference in violation of the Eighth Amendment. *Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir. 1996). Instead, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's actions harmed him or her, and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff's Amended Complaint does not contain sufficient factual averments needed to establish the personal participation of Defendants Wiley and Lappin in the decisions

13

regarding Plaintiff's medical care.  Plaintiff simply alleges that Defendant Wiley "became involved in his subordinates [sic] intentional failure to provide" proper medical care by not granting Plaintiff's administrative remedy appeal.  Plaintiff cannot hold Defendant liable for an alleged constitutional violation on the basis that his grievance was denied.  *See, e.g., Downing v. Clinton*, 2006 WL 3054314, at *15 (E.D. Wash. 2006) (unpublished decision) (in granting motion to dismiss, the court held that the defendant's receipt of grievances did not establish her personal participation in a constitutional violation); *Johnson v. G.E.O./Lawton Corr. Facility*, 2005 WL 2739212 (W.D. Okla. 2005) (holding that the plaintiff failed to state a claim for relief based upon a defendant's participation in the processing of a grievance); *Coates v. Sheahan*, 1995 WL 430950, at *2 (N.D. Ill. 1995) (holding that grievances submitted to a supervisory official are insufficient to establish that official's personal participation in a constitutional violation).

As to Defendant Lappin, Plaintiff seeks to ascribe liability for his medical care based on an alleged memo sent to BOP employees requiring them to limit the medical care of inmates and on the theory that Defendant Lappin is responsible for the failure of BOP employees to provide Plaintiff with proper medical care.

Plaintiff simply does not allege any specific facts which plausibly support a claim against Defendants Wiley and Lappin for any constitutional violations.  Plaintiff has not alleged that these defendants were in any way directly involved in Plaintiff's medical care. Moreover, Plaintiff has not adequately alleged "an affirmative link between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates."  *Serna*, 455 F.3d at 1151 (internal quotation marks and citations omitted).

14

Plaintiff has not established a necessary element of an Eighth Amendment constitutional violation, i.e. the personal participation of Defendants Wiley and Lappin in the alleged unconstitutional conduct.  Therefore, Plaintiff cannot satisfy the first prong of the qualified immunity analysis and the Court need not proceed to the second prong of the qualified immunity analysis.  *Saucier*, 533 U.S. at 201 (holding that "[i]f no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").  Defendants Wiley and Lappin are entitled to qualified immunity on Plaintiff's claims.

## IV.  Conclusion

Based on the foregoing, I RECOMMEND that the Motion be **GRANTED** and the claims against Defendants Wiley and Lappin be **DISMISSED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  September 14, 2009

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge