IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-02542-PAB-KLM

JOSEPH BRADSHAW,

    Plaintiff,

v.

BOP DIRECTOR LAPPIN,
ADX WARDEN WILEY,
DR. LEYBA,
DR. NAFZIGER,
2-13-06 JANE/JOHN DOE UTILIZATION COMMITTEE MEMBERS,
DR. ROBIN H. AMIRKHAN,
4-16-07 JANE/JOHN DOE UTILIZATION COMMITTEE MEMBERS, and
PA OSAGIE,

    Defendants.
_____

**ORDER**
_____

    This matter comes before the Court on the Recommendation of United States Magistrate Judge [Docket No. 72], plaintiff's motion to consolidate [Docket No. 57], and plaintiff's objections [Docket No. 55] to the magistrate judge's denial [Docket No. 50] of his Motion for Court to Place Lawsuit on Top of Pro Bono Case List [Docket No. 45]. The Court will consider each in turn.

    The Court first considers the Recommendation of United States Magistrate Judge ("the Recommendation") [Docket No. 72], which recommends that the Court grant defendants Wiley and Lappin's Motion to Dismiss [Docket No. 39]. On September 23, 2009, plaintiff filed timely objections [Docket No. 74] to the

Recommendation.  Defendants Wiley and Lappin have filed a response [Docket No. 75] to the objections.

The Court has conducted a *de novo* review of the record and has construed the plaintiff's pleadings liberally in light of his status as a *pro se* plaintiff.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The Court agrees with the Recommendation that plaintiff's allegations fail to establish this Court's personal jurisdiction over defendant Harley G. Lappin, the Director of the Federal Bureau of Prisons ("BOP").  Plaintiff's contention that defendant Lappin sent a directive to BOP personnel instructing them to cut costs, resulting in a denial of medical treatment,[1] does not establish minimum contacts with Colorado.  *See Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1534 (10th Cir. 1996).  There is no allegation here that defendant Lappin "purposefully directed [his] activities at residents of the forum state."  *Arocho v. Nafziger*, No. 09-1095, 2010 WL 681679, at *5 (10th Cir. March 1, 2010) (quotations and citation omitted).  In *Arocho*, the Tenth Circuit determined the district court had personal jurisdiction over Lappin in a case where he "was actively and directly responsible for the denial of medical treatment recommended for Mr. Arocho by prison medical personnel."  *Id.* at *3.  Unlike in *Arocho*, defendant Lappin's conduct here consists of a generalized directive to all BOP

---

[1] Plaintiff's allegation regarding defendant Lappin's actions consist of the following: "[I]n 2005, Lappin sent a directive to all BOP employees that they <u>all</u> must do their part by cutting back on operation costs, including, but not limited to, cutting back on medical care and specialist assessment and treatment for inmates, [due] to the budget cut, [due] to the war on terror."  Final Am. Compl. [Docket No. 10] at 7; "[I]n 2005, Lappin sent a directive to all BOP employees that they all must do their part by cutting back on operating costs, including, but not limited to, cutting back on Hepatitis patients, assessment, and treatment costs. . . ."  *Id.* at 11.

employees regarding cost cutting.  *Cf. id.* at *5 ("Lappin did not allegedly issue some generalized prohibition on [the use of specific pharmaceutical] treatment in federal prisons; he denied a specific treatment request by a Colorado prison physician, precluding use of the requested medication to an inmate in the federal facility in Florence, Colorado.").  In short, this *is* "a situation where an official is being haled into an out-of-state court merely because he had a remote supervisory relationship to the parties or the subject matter of a case."  *Id.* at *3; *see Hill v. Pugh*, 75 F. App'x 715, 719 (10th Cir. 2003) (unpublished) ("It is not reasonable to suggest that federal prison officials may be hauled into court simply because they have regional and national supervisory responsibilities over facilities within a forum state.").

Furthermore, the Court concludes that justice does not require a transfer of the action under 28 U.S.C. § 1631.  *See Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006) ("A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes . . . when it is in the interests of justice.").  Plaintiff's only allegation regarding defendant Lappin is that he issued a directive to all BOP employees to cut costs, and thus it fails to allege any conduct implicating an infringement of plaintiff's constitutional rights.  *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (noting that one factor, *inter alia*, a court may consider when "deciding whether a transfer is in the interest of justice" is "whether the claims alleged are likely to have merit") (citing *Trujillo*, 465 F.3d at 1223 n.16).

Finally, plaintiff fails to adequately allege any personal participation by defendant Wiley in the medical decisions plaintiff finds objectionable.  To state a claim against

Wiley, plaintiff must adequately allege both that "the supervisor's subordinates violated the Constitution" and "an 'affirmative link' between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates." *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006).[2] Plaintiff alleges in his complaint that he is being denied doctor-ordered medical treatment. *Cf. Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) ("[A] medical need is considered 'sufficiently serious' [for Eighth Amendment purposes] if the condition 'has been diagnosed by a physician as mandating treatment . . . ."). While other aspects of the complaint indicate that the doctor's order to treat plaintiff was later rescinded, the Court need not determine whether plaintiff has adequately stated a claim for violation of the Eighth Amendment against any other defendants because plaintiff has failed to adequately allege personal participation by Wiley in the alleged constitutional violation. Plaintiff merely alleges that defendant Wiley was made aware of plaintiff's concerns through the grievance process and a letter and, in response, referred the issue to the relevant medical committee. *See* Final Am. Compl. [Docket No. 10] at 10. This does not support an inference of active participation or

---

[2]In *Arocho v. Nafziger*, No. 09-1095, 2010 WL 681679 (10th Cir. March 1, 2010), the Tenth Circuit noted that "given a recent Supreme Court pronouncement, the basic concept of § 1983 and *Bivens* supervisory liability itself may no longer be tenable." *Id.* at *3 n.4 (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "After *Iqbal*, circuits that had held supervisors liable when they knew of and acquiesced in the unconstitutional conduct of subordinates have expressed some doubt over the continuing validity of even that limited form of liability." *Id.* (citations omitted). The claims in *Iqbal* alleged discrimination, and the Supreme Court made clear that the "factors necessary to establish a *Bivens* violation will vary with the constitutional provision at issue." *Iqbal*, 129 S. Ct. at 1948. Here, where the plaintiff alleges violation of the Eighth Amendment arising out of a failure to receive medical treatment, the Court will apply the Tenth Circuit's "extant standard," as the Tenth Circuit did in *Arocho*, 2010 WL 681679, at *11.

acquiescence in the alleged constitutional violation. *See Serna*, 455 F.3d at 1151; *see also Arocho*, 2010 WL 681679, at *11 ("The complaint bespeaks nothing more than a warden's reasonable reliance on the judgment of prison medical staff, which *negates* rather than supports liability.") (citations omitted).

Plaintiff has also filed a motion to consolidate [Docket No. 57] this action with *Bradshaw v. Lappin*, No. 07-cv-02422-MSK-BNB. The Local Rules require that a "motion to consolidate shall be decided by the district judge to whom the oldest numbered case involved in the proposed consolidation is assigned for trial." D.C.COLO.LCivR 42.1. This matter is the newer case of the two proposed for consolidation and, therefore, the motion must be denied.[3]

Finally, plaintiff filed a Motion for Court to Place Lawsuit on Top of Pro Bono Case List [Docket No. 45] and objects [Docket No. 55] to the magistrate judge's denial of that motion [Docket No. 50]. The Court is not persuaded that the magistrate judge's denial of that non-dispositive motion was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).[4]

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate [Docket No. 72] is accepted for the reasons stated herein. It is further

---

[3]Plaintiff has filed a motion to consolidate in No. 07-cv-02422.

[4]While the magistrate judge incorrectly noted that "the record bears no indication that Plaintiff has made efforts to obtain counsel for himself," Order [Docket No. 50] at 2; *cf.* Mot. [Docket No. 45] at 10, this does not undermine the other bases cited for denying plaintiff's motion. Furthermore, if the complexity of this case or plaintiff's ability to represent himself changes as the litigation progresses, the relevant analysis might similarly change to an extent justifying renewal of the motion.

**ORDERED** that plaintiff Joseph Bradshaw's objections [Docket No. 74] to the Recommendation of United States Magistrate Judge are OVERRULED. It is further

**ORDERED** that the motion to dismiss of defendants Lappin and Wiley [Docket No. 39] is GRANTED. The claims against defendant Lappin are dismissed without prejudice. The claims against defendant Wiley are dismissed with prejudice. It is further

**ORDERED** that plaintiff's motion to consolidate [Docket No. 57] is DENIED. It is further

**ORDERED** that plaintiff's objections to the magistrate judge's denial of his motion requesting inclusion on the pro bono list [Docket No. 55] is OVERRULED.

DATED March 11, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge